**Vanek KHACHATOORIANSAGH-DAMARGTIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73965.

Agency No. A75–613–929.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 19, 2004.

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Lyle Jentzer, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

142

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Vanek Khachatooriansaghdamargtin, an ethnic Armenian Christian, native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003), and deny the petition for review.

Substantial evidence supports the IJ's finding that the petitioner failed to show that the persecution was on account of his religious beliefs, when prosecuted, imprisoned, and beaten for the charge of failing to pay rent. *See Fisher v. INS*, 79 F.3d 955, 961–62 (9th Cir.1996) (en banc) (holding Iranian woman punished for allowing her hair to show and wearing makeup was not persecuted on account of political or religious beliefs).

Furthermore, substantial evidence supports the IJ's finding that the petitioner's fear of future persecution is based on possible criminal prosecution that is absent any improper government motive. *See Abedini v. INS*, 971 F.2d 188, 191 (9th Cir.1992) (fear of criminal prosecution does not constitute persecution).

Because petitioner failed to establish eligibility for asylum, it follows that petitioner failed to satisfy the more stringent stan-dard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

Additionally, substantial evidence supports the IJ's denial of relief under the CAT. *See Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir.2002).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

